HENRY v. ELLIS.

1. **Contempt**: EVIDENCE: INTENT. In a proceeding for the punishment of a contempt, growing out of publications alleged to be false, scandalous and defamatory, evidence is admissible to show the meaning and intent of the publications.

THURSDAY, OCTOBER 10.

SEEVERS, J.—An information was filed in the Circuit Court charging the plaintiff with having committed a contempt in publishing in a newspaper what is alleged to be a false, scandalous and defamatory article in relation to the defendant, who is judge of said court. A bench warrant was issued, and the plaintiff arrested and brought before the court, and he filed an answer to the inform-

ation. He admitted he was the author, and had procured the publication of the article, but denied that the same was contemptuous to the court, or that it was designed to affect any cause or proceeding in said court, or that the same was insolent toward the court or judge thereof, while engaged in the discharge of any judicial duty, and that the intent of the article was wholly political. There was a trial, and the plaintiff was found guilty. Under such circumstances an application is made to this court for a writ of *certiorari*, because the same is specially authorized by law, and no appeal can be taken in such case. Code, §§ 3499, 3216, 3217.

In the application for the writ it is alleged the court acted illegally in permitting witnesses to testify as to the meaning and intent of the article, and whether the same, in their opinion, referred to or meant the said court, or the judge thereof. The thought of the petitioner seems to be, if we understand him, when he denied under oath that the article had reference to said court, or judge, that no evidence could be introduced on the trial that such was its intent and effect, as generally understood by persons who read the article. In other words, the petitioner claims that his denial under oath is conclusive in this respect, unless the article on its face shows otherwise. In our opinion this view cannot be maintained. The same rule must be applicable as when a publication is alleged to be libelous. Otherwise a publication the meaning of which was well known and understood would not be a contempt, provided it was couched in ambiguous language, and did not so show on its face, if the author denied it to be such, or that it did or was not intended to refer to a court, judge, or judicial proceedings. The question as to whether the article in question, in the manner and under the circumstances surrounding its publication, constitutes a contempt is not before us. No such claim being made in the application for the writ such question is not, therefore, determined. The writ is

DENIED.